IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**March 25, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**LORRAINE PETTIT,**
**Administrator of the Estate of Michele D. Payne,**
**Respondent Below, Petitioner**

**v.) No. 23-ICA-401**        (Fam. Ct. Roane Cnty. No. FC-44-2013-D-121)

**CLIFFORD PAYNE JR.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lorraine Pettit, Administrator of the Estate of Michele D. Payne, appeals the Family Court of Roane County's August 3, 2023, order dismissing her amended petition, which sought a second finding of contempt against Respondent, Clifford D. Payne, Jr. The family court concluded that the facts contained in the amended petition were the same facts alleged in the original petition that resulted in dismissal. Respondent Mr. Payne filed a brief in support of the family court's decision.[1] Ms. Pettit did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the lower tribunal's decision is reversed, and this case is remanded for further proceedings consistent with this decision.

Clifford Payne, Jr., and Michele D. Payne were divorced by an order entered on October 4, 2013. The final divorce order incorporated the parties' settlement agreement ("Agreement") which addressed the Speed Road Property, a one-acre parcel of marital property that is the subject of this appeal. Ms. Payne died on December 4, 2019. Her mother, Ms. Pettit, (hereinafter "Administrator") became the administrator of her estate and was substituted as the respondent in all subsequent family court pleadings. Regarding the Speed Road Property, Paragraph 9(b) of the Agreement stated:

> This land contract provides for payment of $600 each month, until September 2033, when the property is to be paid in full and a deed executed

---

[1] Lorraine Pettit is represented by Leah R. Chappell, Esq. Clifford Payne, Jr. is represented by Anne B. Charnock, Esq.

1

to the buyers. The parties agree that they will equally divide the monthly payment, so that each gets $300, and if the buyers pay off the note prior to its maturity, then they will divide the money they received equally. This property is also included in the lien on the property set forth in paragraph 9a above. When Junior refinances the mortgage loan, Shelley will execute a deed of her interest in this property to Junior. She does not, however, give up her right to receive the monthly payment, which shall continue so long as the contract with the Crihfields is in place.[2]

On March 12, 2020, the Administrator filed a petition for contempt and enforcement of the Agreement, alleging that Mr. Payne had not paid the Estate Ms. Payne's share of proceeds from the land sale contract for January, February, and March of 2020, totaling $900. In response, Mr. Payne filed a motion to clarify the Agreement.

In his motion, Mr. Payne claimed that he was entitled to offset the payments, or alternatively, to a repayment of the payments previously paid to the Administrator. On July 20, 2020, the family court held a hearing on the Administrator's petition and Mr. Payne's motion. The court found that the Agreement was clear and unambiguous and denied Mr. Payne's motion, finding that Mr. Payne was seeking to change the terms of the Agreement to his benefit following Ms. Payne's death. The family court noted the assets and debts that had been assigned to each party in equitable distribution and noted that Mr. Payne's list included "[o]ne-half proceeds of purchase contract [the Speed Road Property]."

The family court found that, as of April 1, 2020, 162 payments remained on the land contract, which totaled $97,200 in remaining payments to be divided equally between Mr. and Ms. Payne pursuant to their Agreement. The family court entered its final order on January 22, 2021, finding Mr. Payne to be in contempt of the October 4, 2013, final divorce order. The court further held that Mr. Payne could purge himself of the contempt by paying the Administrator one-half of each monthly payment made by the Crihfields to Mr. Payne, commencing with the payment due for April 2020 and continuing through the completion of the land contract. The family court also awarded the Administrator $3,000 in attorney's fees.

In 2022, the Crihfields decided to sell the property. On November 17, 2022, the Administrator filed a second petition for contempt, alleging that on or about October 7, 2022, Mr. Payne sent Mr. Petit and his wife, the Administrator, a check for the balance of their share of the sale proceeds in the amount of $11,733.82. The family court dismissed the contempt petition by an order entered on November 21, 2022. The order was not appealed. On July 31, 2023, the Administrator filed an amended petition for contempt,

---

[2] "Junior" refers to Mr. Payne and "Shelley" refers to Michelle D. Payne, the decedent. The Paynes had entered into a land contract to sell their one-acre parcel of land to the Crihfields.

alleging that Mr. Payne had stopped payment on the $11,733.82 check. The Administrator's new allegation in her amended petition was in bold typeface. The family court entered an order on August 3, 2023, dismissing the contempt petition, finding that the facts in the amended petition were the same facts alleged in the previously dismissed petition. It is from the August 3, 2023, order that the Administrator now appeals.

For these matters, we use the following standard of review.

"In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, 248 W. Va. 130, 133, 887 S.E.2d 255, 258 (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, the Administrator raises three closely related assignments of error, which we will consolidate. *See generally Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (allowing consolidation of related assignments of error). The Administrator argues that the family court erred when it dismissed her amended petition for contempt, even though it stated a prima facie case of contempt against Mr. Payne and did not allege the same facts as the prior contempt petition. We agree.

Rule 21(a) of the West Virginia Rules of Practice and Procedure for Family Court states, "[a] party may file a petition for contempt/order to show cause or modification of any order of the court. If grounds pled warrant a contempt/show cause […] hearing, the hearing shall take place within 45 days of the filing of a petition for contempt/order to show cause[.]" Here, the Administrator's amended petition for contempt stated in bold typeface letters, "[Mr. Payne] stopped payment on the October 28, 2023 check for $11,733.82 and, as of the filing of this petition, has paid the [Administrator] none of the proceeds from this sale." The Administrator not only alleged different facts than those alleged in her original petition for contempt but conspicuously bolded the lettering to ensure recognition by the family court. The family court's finding was clearly erroneous.

Accordingly, we reverse the August 3, 2023, order, and remand the matter to the family court with instructions to conduct a show cause hearing on the contempt petition.

Reversed and Remanded.

**ISSUED:** March 25, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear